UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN T. MOFFETT,

        Petitioner,                Case Number: 05-70854

v.                                      HONORABLE AVERN COHN

THOMAS BIRKETT,

        Respondent.
_____/

**MEMORANDUM AND ORDER DISMISSING PETITION**
**FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

**I. Introduction**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Brian T. Moffett (Petitioner) is a state inmate at the Standish Maximum Correctional Facility in Standish, Michigan. Petitioner filed a petition for a writ of habeas corpus challenging his sentence for first-degree criminal sexual conduct. Respondent, through the Michigan Attorney General's office, filed a response, arguing that Petitioner's claims are meritless and/or unexhausted.

For the reasons that follow, the Court concludes that Petitioner's second claim is unexhausted and shall dismiss the petition without prejudice so that Petitioner may return to state court to exhaust this claim.

**II. Background**

Petitioner pleaded guilty in Gratiot County, Michigan, Circuit Court to one count of first-degree criminal sexual conduct. On October 27, 2003, he was sentenced to seven to twenty years imprisonment.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, presenting the following claim:

> Mr. Moffett is entitled to a re-sentencing because the trial court misscored offense variables 10 (predatory conduct) and 19 (interfere or attempt to interfere with the administration of justice) and caused the sentence that he received to be a departure from the statutory sentencing guidelines without a compelling reason to depart.

The Michigan Court of Appeals denied leave to appeal. People v. Moffett, No. 255110 (Mich. Ct. App. June 4, 2004).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the following claims:

> I.   Mr. Moffett is entitled to a re-sentencing because the trial court misscored offense variables 10 (predatory conduct) and 19 (interfere or attempt to interfere with the administration of justice) and caused the sentence that he received to be a departure from the statutory sentencing guidelines without a compelling reason to depart.
>
> II.  The trial court violated appellant's due process rights at sentencing by departing above the statutory sentencing guideline range based on alleged facts which the prosecutor did not charge and prove beyond a reasonable doubt at a trial or have appellant admit at a plea.

The Michigan Supreme Court denied leave to appeal. People v. Moffett, No. 255110 (Mich. June 4, 2004).

Petitioner, through counsel, then filed the pending petition for a writ of habeas corpus, presenting the same claims he presented to the Michigan Supreme Court.

### III. Discussion

Respondent argues that Petitioner's second claim for habeas corpus relief, that his sentence violates the Supreme Court's decision in Blakely v. Washington, 542 U.S.

296 (2004), is unexhausted.  The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition.  See 28 U.S.C. § 2254(b)(1)(A) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process.  O'Sullivan, 526 U.S. at 845.  A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns."  Levine v. Torvik, 986 F.2d 1506, 1516 (6th Cir. 1993).  A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief.  See Mohn v. Bock, 208 F.2d 796, 800 (E.D. Mich. 2002).  The petitioner bears the burden of showing that state court remedies have been exhausted.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner did not present his Blakely claim to the Michigan Court of Appeals because the Blakely opinion was issued on June 24, 2004, twenty days after the Michigan Court of Appeals denied Petitioner's application for leave to appeal.  Petitioner's Blakely claim, therefore, is unexhausted.

The exhaustion requirement may be excused where there is no opportunity to obtain relief in state court, or if the process to do so is so deficient as to render futile any effort to obtain relief in state court.  Duckworth v. Serrano, 454 U.S. 1, 3 (1981).  Thus, the court must consider whether Petitioner has an avenue available for exhaustion of this unexhausted claim in state court.

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claim.  Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 et seq., which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claim.  Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court.  Petitioner's unexhausted claim should be addressed to, and considered by, the state courts first so that the state courts will have an opportunity to decide whether his sentence violates Blakely.

## IV. Conclusion

Petitioner's petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.  Petitioner may move to reopen this matter after exhausting his state court remedies.  In order not to "'jeopardize the timeliness of a collateral attack,'" Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002) (quoting Zarvela v. Artuz, 254 F.3d 374, 380 (2d Cir. 2001)), the one-year limitations period shall be tolled from the date Petitioner filed his petition until Petitioner returns to federal court.  This tolling of the limitations period is conditioned upon Petitioner pursuing exhaustion of state court remedies within thirty (30) days from the date of this order and returning to federal court within thirty (30) days of exhausting his state court remedies.

SO ORDERED.

Dated:  January 13, 2006         s/Avern Cohn
                                                           AVERN COHN
                                                           UNITED STATES DISTRICT JUDGE